# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI | CASE NO. 1:06-cv-00776-OWW-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| T. WAN, et al., | (Doc. 1) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Punaofo Tsugito Tilei ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 19, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is an inmate currently housed at California State Prison-Sacramento. The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran. The defendants named in this action are Facility Captain T. Wan, Correctional Lieutenant J. Gallagher, and Correctional Counselor C. L. Cooper. Plaintiff is seeking money damages.

Plaintiff alleges that he was retaliated against for filing group appeals and for litigation activities. Plaintiff alleges that he was detained in administrative segregation without justification and was subjected to an adverse transfer to California State Prison-Sacramento. Plaintiff alleges claims for retaliation, denial of access to the courts, and denial of due process.

1. <u>Retaliation</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> also <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

The allegation that plaintiff was detained in administrative segregation for months and then transferred to a less desirable prison in retaliation for filing inmate appeals and for litigation in court is sufficient to give rise to a claim for relief under section 1983. However, plaintiff must allege some specific facts linking acts or omissions of the named defendants to the violation of his rights.

3

Although plaintiff's complaint is long on details concerning his inmate appeals and litigation activities, background facts, and the adverse actions taken against him, it is short on factual allegations linking the three named defendants to his placement in administrative segregation and/or his adverse transfer. Without the requisite linkage, plaintiff may not proceed against defendants under section 1983. Under federal notice pleading standards, plaintiff's allegation that defendant Gallagher placed him in administrative segregation and commented to another officer that he was working on getting rid of plaintiff is sufficient to state a claim against defendant Gallagher for retaliation. Fed. R. Civ. P. 8(a). However, plaintiff did not set forth sufficient allegations to state claims against defendants Wan and Cooper. Plaintiff will be provided with the opportunity to file an amended complaint.

### 2. Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

Although plaintiff alleges a claim for denial of access to the courts, plaintiff's complaint contains no allegations supporting such a claim.

### 3. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

1  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the
2  existence of a liberty interest created by prison regulations is determined by focusing on the nature
3  of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state
4  law are "generally limited to freedom from restraint which . . . imposes atypical and significant
5  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515
6  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759,
7  at *1 (9th Cir. Feb. 7, 2007).

8       In this instance, plaintiff does not have a protected liberty interest in remaining free from
9  administrative segregation or in remaining at a particular prison. Sandin, 515 U.S. at 484; Meachum
10 v. Fano, 427 U.S. 215, 224-25 (1976); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Because
11 plaintiff did not have a protected liberty interest at stake, plaintiff may not pursue a claim premised
12 on the deprivation of procedural due process.

13      C.    Conclusion

14      The court finds that plaintiff's complaint states a claim against defendant Gallagher for
15 retaliation, but does not state claims against Wan and Cooper for retaliation, and does not state
16 claims for denial of access to the courts and denial of due process. The court will provide plaintiff
17 with the opportunity to file an amended complaint curing the deficiencies identified by the court in
18 this order.

19      Plaintiff is informed he must demonstrate in his complaint how the conditions complained
20 of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
21 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
22 involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
23 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
24 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
25 743 (9th Cir. 1978).

26      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
27 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
28 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:    **February 27, 2007**          **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE