# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>        Plaintiff,<br><br>   v.<br><br>T. WAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00776-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON RETALIATION AND DUE PROCESS CLAIMS, AND NON-COGNIZABLE STATE LAW CLAIMS AND CLAIMS FOR EQUITABLE RELIEF BE DISMISSED<br><br>(Doc. 16)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.   Screening Requirement**

Plaintiff Punaofo Tsugito Tilei ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action on June 19, 2006. On February 27, 2007, the Court dismissed Plaintiff's complaint, with leave to amend. Plaintiff filed an amended complaint on July 30, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
9  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
10 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
11 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
12 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13 **II.    Summary of Plaintiff's Claims**

14     The events at issue in this action allegedly occurred at the California Substance Abuse
15 Treatment Facility and State Prison-Corcoran. Plaintiff brings this action against Correctional
16 Captain T. Wan, Correctional Lieutenant J. Gallagher, and Correctional Counselor C. L. Cooper for
17 violation of his rights under federal and state law. Plaintiff is seeking money damages, declaratory
18 relief, and injunctive relief.

19     Plaintiff alleges claims for retaliation and denial of due process. Plaintiff was placed in
20 administrative segregation and then transferred to another prison, allegedly because of lawsuits he
21 was pursuing and because he was active in filing inmate appeals. Plaintiff alleges that the prison
22 transfer was adverse, and that conditions in segregation were harsh in contrast to the privileges,
23 programs, and activities enjoyed in general population.

24 ///
25 ///
26 ///
27 ///
28 ///

### A. Retaliation and Due Process Claims

Plaintiff's allegations are sufficient to state a claim under section 1983 for violation of the First Amendment for retaliation and for violation of the Due Process Clause.[1] Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 2008 WL 659570, No. 06-35068, *3 (9th Cir. Mar. 13, 2008). Plaintiff may also pursue his claims that Defendants' action violated his rights under the California Constitution.[2] Id.

### B. Non-Constitutional State Law Claims

Plaintiff's purports to be pursuing claims for relief for violation of (1) Institutional Operations Procedure #100, Section VIII(B); (2) Sections 3000.5(c) (Rules of Construction), 3004(a) (Rights and Respect of Others), 3291(a) (Employee Law Enforcement and Peace Officer Personnel - Law Enforcement Responsibility), and 3391 (Employee Conduct) of Title 15 of the California Code of Regulations; and (3) California Penal Code Sections 147 and 673[3].

Plaintiff may not seek to impose liability on Defendants for violation of an operational procedure at the prison. Plaintiff has not identified a recognized legal claim arising from this violation, and the Court can envision none. Further, the existence of Title 15 regulations governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15. Given that the statutory language of the regulations does not support an inference that there is a private right

///

---

[1] Under federal law, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are *not* entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id. Of concern under federal law is Plaintiff's allegation that he was not provided with an opportunity to be heard. (Doc. 16, ¶37.)

[2] Plaintiff alleges compliance with the California Tort Claims Act.

[3] Respectively, prohibiting inhumane or oppressive treatment of prisoners by an officer, and prohibiting cruel, corporal, or unusual punishments in institutions.

3

of action, the Court finds that Plaintiff fails to state a claim upon which relief may be granted based on the violation of the operational procedure or Title 15 regulations.

Finally, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The Court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, Plaintiff fails to state a claim upon which relief may be granted under state law based on the alleged violations of Sections 147 and 673.

### C. Claims for Equitable Relief

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

Further, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Finally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

There is an actual case or controversy before this Court with respect to Plaintiff's claims for money damages arising out of Defendants' past actions of segregating Plaintiff without due process of law and adversely transferring Plaintiff to another prison in retaliation for Plaintiff's litigation and inmate appeals activities. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of Defendants which give rise to Plaintiff's claims for relief, and should Plaintiff prevail, Plaintiff's injury will not go unrecompensed because Plaintiff has an adequate remedy at law. Id. Therefore, Plaintiff's claims for declaratory and injunctive relief should be dismissed and this action should proceed as one for money damages only.

**III.     Conclusion and Recommendation**

Plaintiff's amended complaint states claims for retaliation and denial of due process, in violation of Plaintiff's rights under the United States and California Constitutions. However, Plaintiff may not pursue civil claims for violation of the prison's operational procedures, Title 15

5

1  regulations, or the penal code, and there is no basis for the award of equitable relief in this action.
2  These deficiencies are not curable and the Court THEREFORE RECOMMENDS that:

3      1.    This action proceed on Plaintiff's amended complaint, filed July 30, 2007, on Plaintiff's federal and state law retaliation and due process claims;

5      2.    Plaintiff's state law claims arising from violation of the prison's operational procedures, Title 15 regulations, and the penal code be dismissed, with prejudice, for failure to state a claim; and

8      3.    Plaintiff's claims for declaratory and injunctive relief be dismissed.

9  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 28, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE