# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI | CASE NO. 1:06-cv-00776-OWW-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING COUNSEL |
| v. | |
| T. WAN, et al., | (Doc. 76) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and California law by Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against Defendants Wan, Gallagher, and Cooper for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment.

On January 8, 2010, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion for the appointment of counsel, filed November 20, 2007.[1] (Docs. 70, 76.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

---

[1] In the same motion, Plaintiff seeks a court order authorizing him to communicate with his inmate witnesses. That portion of the motion will be addressed when the Court issues its ruling on Plaintiff's pending motions to compel and motion seeking to communicate with inmate Ly.

1

omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.  Further, with respect to the issue of Plaintiff's missing motion for counsel, Plaintiff was already informed by the Court that no motion for the appointment of counsel was received and filed on or around March 29, 2009.  (Doc. 69.)  The Court accepts Plaintiff's representation the motion was drafted and mailed for filing.  However, it is not on the Court's docket.  Plaintiff was not and is not precluded from filing another motion for counsel, and in fact, the Court addressed such a motion for counsel in the order which is subject to Plaintiff's current motion for reconsideration.

It is not clear what happened to the March motion, and it may have been lost in transit.  Plaintiff's attestation that the Clerk of the Court destroyed or intentionally mishandled his March motion is wholly inappropriate and without any basis in fact.  (Doc. 76, court record p. 3, ¶3.)  <u>Plaintiff is warned that if he persists in impugning the integrity of the Court, which includes the Clerk's Office, he will be subject to sanctions.</u>  <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1980).  The motion was not received and filed, and for that reason, the Court could not address the motion, as Plaintiff was informed.  (Doc. 69.)  Plaintiff's subsequent motion for counsel was addressed, however.  (Doc. 70.)

Plaintiff's motion for reconsideration of the order denying his motion for the appointment of counsel, filed January 8, 2010, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **January 20, 2010**           /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE