# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI, | CASE NO. 1:06-cv-00776-OWW-GSA PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL, AND REQUIRING DEFENDANTS TO SERVE SUPPLEMENTAL RESPONSES WITHIN THIRTY DAYS |
| v. | |
| T. WAN, et al., | |
| Defendants. | (Docs. 47, 48, 49, and 55) |

**Order on Plaintiff's Motions to Compel**

**I.      Introduction**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and California law by Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against Defendants Wan, Gallagher, and Cooper for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment. The events at issue in this action occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran in 2005.

Pending before the Court are Plaintiff's motions to compel responses to his interrogatories, filed June 26, 2009, and motion to compel responses to his requests for the production of documents, filed July 17, 2009. Defendants opposed the motions and Plaintiff replied, and the motions have been deemed submitted. Local Rule 230(l).

///

///

1

## II. Motions to Compel Responses to Interrogatories

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

### A. Defendant Cooper

**ROG 5:** "What was your response to the Men Advisory Council's memorandum dated November 29, 2004, and addressed to you?"

**Response:** Defendant responded that she has no specific recollection of the memorandum, but made a diligent effort to locate it and it is not within her possession, custody, or control.[1]

**Ruling:** Plaintiff's motion to compel is granted. Defendant's response indicates she does not recall the memorandum. Plaintiff provided a copy of the memorandum at issue with his motion

---

[1] In their responses to Plaintiff's discovery requests, Defendants objected on various grounds but responded notwithstanding their objections. Because Defendants responded, the Court shall address the responses rather than the objections.

2

to compel, and Defendant should have supplemented her response as a result. Fed. R. Civ. P. 26(e)(1)(A). Defendant is ordered to respond to the question asked: what was her *response* to the memorandum? Defendant must make a reasonable effort to respond, but if Defendant does not recall her response, Plaintiff is required to accept that answer.

**ROG 6:** "What was the result of the January 26, 2005 meeting that you and Correctional Counselor II R. Hall had with Plaintiff P. Tilei # H96960, and the other inmates on the Men Advisory Council's executive body?"

**Response:** Defendant responded that she has no specific recollection of the meeting.

**Ruling:** Plaintiff's motion to compel is granted. Defendant did not answer the question that was asked. Defendant is ordered to respond to the question asked: what was the *result* of the meeting? Plaintiff provided a copy of the minutes with his motion to compel. Defendant must make a reasonable effort to respond. Having refreshed her memory by reading the minutes, Defendant will either be able to recall the result of the meeting or not. Plaintiff must accept whichever response is provided.

**ROG 7:** "What was your response to the Men's Advisory Council's minutes dated January 26, 2005 and addressed to you?"

**Response:** Defendant responded that she has no specific recollection of the document, but made a diligent effort to locate it and it is not within her possession, custody, or control.

**Ruling:** Plaintiff's motion to compel is granted. Defendant's response indicates she does not recall the document. Plaintiff provided a copy of the minutes at issue with his motion to compel, and Defendant should have supplemented her response as a result. Fed. R. Civ. P. 26(e)(1)(A). Defendant is ordered to respond to the question asked: what was her *response* to the minutes? Defendant must make a reasonable effort to respond, but if Defendant does not recall her response, Plaintiff is required to accept that answer.

**ROG 8:** "What was the result of the meeting you had with Plaintiff P. Tilei, #H96960, and the other inmates on the Men Advisory Council relative to the memorandum dated November 29, 2004?"

///

3

1   **Response:** Defendant responded that she has no specific recollection of the memorandum,
2   but made a diligent effort to locate it and it is not within her possession, custody, or control.
3   **Ruling:** Plaintiff's motion to compel is granted. Defendant's response indicates she does
4   not recall the memorandum. Plaintiff provided a copy of the memorandum at issue with his motion
5   to compel, and Defendant should have supplemented her response. Fed. R. Civ. P. 26(e)(1)(A).
6   Defendant is ordered to respond to the question asked: what was her *response* to the memorandum?
7   Defendant must make a reasonable effort to respond, but if Defendant does not recall her response,
8   Plaintiff is required to accept that answer.

9   **B.     Defendant Wan**

10  **ROG 4:** "On May 03, 2005, were you on duty between the hours of 9:00 a.m. to 6:30 p.m.?"
11  **Response:** Defendant responded that after a diligent effort to determine the information
12  requested, he does not recall whether he worked on May 3, 2005.
13  **Ruling:** Plaintiff's motion to compel is denied. The Court expresses some skepticism that
14  Defendant is unable to verify whether or not he was actually at work on May 3, 2005. Nevertheless,
15  absent evidence to the contrary, which has not been provided, Plaintiff must accept Defendant's
16  response that, after a reasonable effort to respond, he does not recall.
17  **ROG 5:** "If an inmate is placed in Administrative Segregation pending an investigation into
18  information that the inmates life is in danger, is it prison policy or practice to house the inmate with
19  another inmate?" If yes, Plaintiff sought the citation to and explanation of the prison policy or
20  practice. If not, Plaintiff sought to know whether the inmate would be housed with another inmate
21  once the investigation was completed.
22  **Response:** Defendant responded that whether an inmate is housed with a cellmate depends
23  on the individual's circumstances and ICC (Institutional Classification Committee) action.
24  **Ruling:** Plaintiff's motion to compel is granted in part. The answer is that it depends, rather
25  than yes or no, and Plaintiff must accept that answer. However, Defendant is ordered to provide the
26  citation to the applicable policy or regulation, if there is one. If a citation is provided, Plaintiff may
27  ask a follow up interrogatory.
28  ///

**ROG 6:** "Explain the current and May 03, 2005, protocols of the California Substance Abuse Treatment Facility and State Prison when conducting investigations into an inmate possible safety concern."

**Response:** Defendant responded that if a general population inmate is suspected of being in danger, he will be segregated from general population pending investigation into the information on the threat of danger.

**Ruling:** Plaintiff's motion to compel is granted in part. Defendant is required to clarify whether he is describing the May 3, 2005, protocol or the current protocol, or whether the protocol is the same now as then. Although Defendant explains in his opposition to the motion to compel that he does not believe there is a difference between the protocol on May 3, 2005, and the current protocol, he did not state that information in his interrogatory response, as would have been prudent. Plaintiff's argument that Defendant failed to cite to the policy is without merit. Plaintiff did not ask for a citation to the policy.

**ROG 7:** "On May 03, 2005, at approximately 4:15 p.m., did you meet with the Men Advisory Council's executive body?"

**Response:** Defendant responded that after a diligent effort to determine the information requested, he does not recall.

**Ruling:** Plaintiff's motion to compel is denied. Absent evidence to the contrary, which has not been provided, Plaintiff is required to accept Defendant's response that he does not recall.

C.  **Defendant Gallagher**

**ROG 6(a):** "Did you or any other Prison Staff conduct an investigation into the Reliability of the Confidential Information Surrounding Plaintiff P. Tilei's placement in Administrative Segregation?" "If so, what was the reliability determination made as required under California Code of Regulations Title 15 Section 3321(b)(1)(2) and (3)?"

**Response:** Defendant responded that although he was not involved in the investigation, an investigation into the alleged threats against Plaintiff's safety was conducted by the prison, and it was determined that there was reliable information indicating that Plaintiff would be assaulted if returned to that facility.

5

**Ruling:** Plaintiff's motion to compel is denied. Defendant responded that an investigation was conducted, although not by Defendant, and the information was determined to be reliable. This response addresses Plaintiff's questions and Plaintiff is required to accept the response.

### III. Plaintiff's Motion to Compel Responses to Document Production Requests

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

#### A. Defendant Wan

**PODs 1-7:** Plaintiff seeks various Men's Advisory Council memoranda and minutes, and any responses to those memoranda and minutes by Defendant or other prison officials.

**Response:** Defendant responded that a diligent effort to locate responsive documents was made, but no such documents are in Defendant's possession, custody, or control, other than Plaintiff's inmate appeal dated June 16, 2005.

**Ruling:** Plaintiff's motion to compel is denied. In his opposition, Defendant states that MAC records are kept by inmates rather than prison officials, and that he did not regularly keep or store copies of written MAC correspondence, but in an effort to respond, Defendant searched for any MAC records that might have been kept by the warden. No documents dating back to 2004-2005 were found, and Defendant believes none dating back that far are maintained by the prison, although such documents may exist in Plaintiff's or other inmates' personal records.

Plaintiff is required to accept this response absent evidence that the response is false. The existence of such documents, some of which have been submitted by Plaintiff in support of his motions to compel, does not render Defendant's response inaccurate or untrue, as Defendant stated that MAC records are kept by inmates and copies may exist in their personal records. Defendant is required to produce documents within his possession, custody or control, and Defendant has responded that he searched for responsive documents but found none within his possession, custody or control.

### B. <u>Defendant Cooper</u>

**PODs 1-4:** Plaintiff seeks Men's Advisory Council memoranda addressed to Defendant, any responses by Defendant to MAC regarding such memoranda, and any documentary correspondence between Defendant and the Attorney General's Office or between Defendant and other prison officials relating to Plaintiff's habeas corpus petition in Kings County Superior Court (case number 03 W00 389).

**Response:** Defendant, who is no longer employed at the California Substance Abuse Treatment Facility, responded that a diligent effort to locate responsive documents was made, but no such documents are in Defendant's possession, custody, or control.

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is required to accept this response absent evidence that the response is false. Defendant is required to produce documents within her possession, custody or control, and Defendant has responded that she searched for responsive documents but found none.

### C. <u>Defendant Gallagher</u>

**POD 1:** Plaintiff seeks the non-confidential CDC-128 general chronos relating to his placement in administrative segregation on May 3, 2005.

**Response:** Defendant responded that the documents are available in Plaintiff's c-file, which he may review upon submitting an Olsen Review request.

**Ruling:** Plaintiff's motion to compel is granted. The Court generally will not order the production of documents equally available to Plaintiff. However, Plaintiff represents in his motion that while a review of the documents in his central file has not been a problem, he has been precluded from making photocopies of them because he is indigent and has been told he is not entitled to free copies of the documents. Under this circumstance, which was not addressed by Defendant in his opposition, Plaintiff does not have an ability to obtain the documents equal to that of Defendant, and the Court does not find this request to be so burdensome that it should not be granted. Fed. R. Civ. P. 26(b)(2)(C). Defendant is ordered to produce the documents sought in this request.

///

### IV. Conclusion and Order

For the reasons set forth herein, it is HEREBY ORDERED that Plaintiff's motions to compel, filed June 26, 2009, and July 17, 2009, are GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's motions to compel further responses to Cooper ROGs 5-8, Wan ROGs 5 & 6, and Gallagher POD 1 are GRANTED, and Defendants shall serve supplemental responses in accordance with this order within **thirty (30) days**; and

2. Plaintiff's motions to compel further responses to Wan ROGs 4 & 7, Gallagher ROG 6(a), Wan PODs 1-7, and Cooper PODs 1-4 are DENIED.

IT IS SO ORDERED.

Dated: **January 22, 2010**          /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE