# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>    Plaintiff,<br><br>    v.<br><br>T. WAN, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:06-cv-00776-OWW-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ASSISTANCE FACILITATING COMMUNICATION WITH INMATE WITNESSES, WITHOUT PREJUDICE TO RENEWAL WITHIN FORTY-FIVE DAYS<br><br>(Docs. 62 and 76) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and California law by Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against Defendants Wan, Gallagher, and Cooper for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment. The events at issue in this action occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran in 2005.

On September 10, 2009, Plaintiff filed a motion seeking a court order allowing him to communicate with inmate witness Ly, and on January 8, 2010, Plaintiff filed a motion seeking a court order allowing him to communicate with sixteen inmate witnesses, including Ly. Although Plaintiff attests that all of the witnesses possess relevant information necessary for him to prosecute his case, Plaintiff's motions are devoid of any factual showing that the inmates possess actual knowledge of relevant facts.

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139 (2010). Further, the Court does not have

1

1  jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that
2  Plaintiff be allowed to correspond with his witnesses.  E.g., City of Los Angeles v. Lyons, 461 U.S.
3  95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation
4  of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los
5  Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  However, the Court will request that Plaintiff and
6  his inmate witnesses be authorized to correspond if the Court is satisfied that the witnesses possess
7  actual knowledge of relevant facts.  Plaintiff is required to make that showing with respect to each
8  witness, and may not rely on conclusory assertions that the witnesses possess relevant knowledge.
9  Further, the Court considers sixteen witnesses to be significant in number, and if the witnesses'
10 knowledge is cumulative, the Court is disinclined to entertain a request to correspond with all
11 sixteen.

12     Regardless, at this juncture Plaintiff has not made the requisite showing with respect to his
13 witnesses.  Therefore, his motions shall be denied.  Plaintiff may renew his motion for the Court's
14 assistance in facilitating communication with his inmate witnesses, supported by a factual showing
15 that the witnesses possess relevant knowledge.  Because the process can be lengthy and time
16 consuming, Plaintiff must renew his motion, if at all, within forty-five days from the date of service
17 of this order.  A motion filed after that date will not be considered, unless a timely extension of time
18 is sought by Plaintiff.

19     Finally, under no circumstance will the Court request that Plaintiff be permitted to
20 correspond with other inmates shielded entirely from review or oversight by prison officials.  If
21 Plaintiff renews his motion and makes the requisite showing, prison officials are entitled to and will
22 be notified that they may fashion the procedure for the exchange of documents so as to ensure the
23 safety and security of the institutions at which Plaintiff and the other inmates are housed.

24     Accordingly, for the reasons set forth herein, Plaintiff's motions for a court order allowing
25 him to communicate with his inmate witnesses, filed September 10, 2009, and January 8, 2010, are
26 ///
27 ///
28 ///

HEREBY DENIED, without prejudice to renewal within **forty-five (45) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 22, 2010**            _____/s/ Gary S. Austin_____
                                              UNITED STATES MAGISTRATE JUDGE