# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. WAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00776-OWW-GSA PC<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF, ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL<br><br>(Doc. 90) |

　　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and California law by Punaofo Tsugito Tilei, a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against Defendants Wan, Gallagher, and Cooper for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment.

　　　On February 10, 2010, Plaintiff filed a motion objecting to and seeking reconsideration of the Court's order granting in part and denying in part his three motions to compel discovery responses, filed June 26, 2009. (Docs. 47, 48, 49, 87, 90.)

　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control

1

. . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion. Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration. Further, on January 22, 2010, in light of the order resolving Plaintiff's motions to compel, an amended scheduling order issued which extended the due date for discovery up to June 1, 2010. (Doc. 88.) Thus, Plaintiff is able to propound further discovery, as allowed by the Federal Rules of Civil Practice, to address any perceived deficiencies and/or equivocations in Defendants' responses.

Plaintiff's objection to the order granting in part and denying in part his three motions to compel discovery responses, filed February 9, 2010, is HEREBY OVERRULED; and Plaintiff's motion for reconsideration of the order granting in part and denying in part his three motions to compel discovery responses, filed February 9, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2