1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PUNAOFO TSUGITO TILEI,                    1:06-cv-00776-AWI-GSA-PC

12                 Plaintiff,                   AMENDED SECOND SCHEDULING ORDER

13        v.                                    ORDER REQUIRING PLAINTIFF TO NOTIFY
                                                COURT WHETHER HE CONSENTS TO
14   T. WAN, et al.,                            MAGISTRATE JUDGE JURISDICTION
                                                WITHIN THIRTY DAYS
15                 Defendants.
                                                ORDER DIRECTING CLERK'S OFFICE TO
16                                              SEND CONSENT FORM TO PLAINTIFF

17                                              Telephonic Pretrial Conference:
                                                          March 26, 2012, at 3:00 p.m. in
18                                                        Courtroom 2 (AWI)

19                                              Jury Trial:    May 8, 2012, at 8:30 a.m. in
                                                               Courtroom 2 (AWI)
20
                     _____/
21

22        Punaofo Tsugito Tilei ("Plaintiff") is a state prisoner proceeding in forma pauperis and with

23   appointed counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds

24   on Plaintiff's First Amended Complaint filed on July 30, 2007, against defendants Captain T. Wan,

25   Lieutenant J. Gallagher, and Correctional Counselor C. L. Cooper ("Defendants") for retaliation and

26   violation of due process.[1]  (Doc. 16.)  Defendants have consented to the jurisdiction of a Magistrate

27   _____

28        [1]On July 8, 2008, the Court dismissed Plaintiff's non-cognizable state law claims from this action, with
     prejudice, for failure to state a claim.  (Doc. 26.)  The Court also dismissed Plaintiff's claims for declaratory and
     injunctive relief.  Id.

                                                    1

Judge pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 118.)   To date, Plaintiff has not returned the form for consent to or decline of Magistrate Judge jurisdiction.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will, by this order, set a further schedule for this litigation.

The parties are required to file pretrial statements in accordance with the schedule set forth herein.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  **Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for

Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before March 1, 2012. Oppositions, if any, must be filed on or before March 19, 2012.**

2.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must

1    indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

2          3.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to

3    Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated

4    witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be

5    sought or obtained from the court.

6          4.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to

7    Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify

8    voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party

9    seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id</u>.  In the

10   case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00

11   <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

12         If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

13   refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location

14   of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated

15   witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money

16   order made payable to the witness for the full amount of the witness's travel expenses plus the daily

17   witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the

18   United States Marshal unless the money order is tendered to the Court</u>.  Because no statute

19   authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and

20   travel expenses is required even if the party was granted leave to proceed in forma pauperis.

21         **If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse

22   to testify voluntarily, Plaintiff must submit the money orders to the Court no later than March

23   19, 2012.**  In order to ensure timely submission of the money orders, Plaintiff should notify the Court

24   of the names and locations of his witnesses, in compliance with step one, as soon as possible.

25         The parties are advised that failure to file pretrial statements as required by this order may

26   result in the imposition of appropriate sanctions, which may include dismissal of the action or entry

27   of default.

28   ///

Finally, the Court shall direct the Clerk's Office to provide Plaintiff with a consent/decline form. Within thirty days from the date of service of this order, Plaintiff shall inform the Court whether he consents to or declines Magistrate Judge jurisdiction by filling out the form and returning it to the Court.

Accordingly, the Court HEREBY ORDERS as follows:

1.  This matter is set for telephonic pretrial conference before the Honorable Anthony W. Ishii on **March 26, 2012**, **at 3:00 p.m.** in Courtroom 2;

2.  This matter is set for jury trial before the Honorable Anthony W. Ishii on **May 8, 2012, at 8:30 a.m.** in Courtroom 2;

3.  Counsel for Defendants is required to coordinate with counsel for Plaintiff to participate in the telephonic pretrial conference, and to initiate the telephonic conference at **(559) 499-5650** after all counsel are on the line;

4.  Plaintiff shall serve and file a pretrial statement as described in this order on or before **March 1, 2012**;

5.  Defendants shall serve and file a pretrial statement as described in this order on or before **March 19, 2012**;

6.  In addition to electronically filing their pretrial statements, the parties shall send a courtesy paper copy to Harold Nazaroff, courtroom deputy for the Honorable Anthony W. Ishii, within one business day following the electronic filing;

7.  If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **March 1, 2012**;

8.  The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **March 19, 2012**;

9.  If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **March 19, 2012**;

10. The Clerk's Office shall send Plaintiff a consent/decline form;

11. Within **thirty (30) days** from the date of service of this order, Plaintiff shall notify the Court whether he consents to or declines Magistrate Judge jurisdiction by filling out the enclosed form and returning it to the Court; and

12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   **January 31, 2012**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE