IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>    Plaintiff,<br><br>    vs.<br><br>T. WAN, et al.,<br>    Defendants. | Case No. 1:06-cv-00776 JLT (PC)<br><br>ORDER GRANTING IN PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. 139) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against defendants Wan, Gallagher, and Cooper ("Defendants") for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment.1 (Doc. 16.) The events at issue in this action occurred at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, in 2005.

Upon consideration of the parties' comments at hearing, the parties' pretrial statements, and the file in this case, the Court issues the following pretrial order.

Pending before the Court is Plaintiff's motion for the attendance of incarcerated witnesses at trial. (Doc. 139) Defendant has opposed this motion.  (Doc. 146 )

**I.    Analysis**

On January 31, 2012, the Court issued its Amended Second Scheduling Order.  (Doc. 135) This

1

order set forth the requirements for the parties to obtain the attendance of incarcerated witnesses. Id. at 2-3. As to incarcerated witnesses who agree to testify, in the motion seeking the witnesses' attendance at trial, the moving party was required to demonstrate that the witness had first hand knowledge of the events and is willing to testify. Id. A detailed declaration is required to demonstrate both issues. Id. The same requirements apply for incarcerated witness who have not agreed to testify voluntarily except that the moving party is required to detail this refusal. Id.

Plaintiff's operative motion requested the attendance of three incarcerated witnesses.[1] (Doc. 139) First, Plaintiff identifies Armand Arvizu and Alphonso Bell as a prospective witness. (Doc. 139 at 4) Both of these prospective witnesses were members of the Men's Advisory Council and witnessed Plaintiff meeting with Defendant Wan on the day that Plaintiff was placed into Ad Seg. Id. Each will testify that they told Defendant Wan that the claim that Plaintiff was in danger, was false. Id. Also, both will testify they observed Defendant Wan harass Plaintiff after he filed a 602 grievance against CDCR Officer Torres and that Wan was verbally abusive toward Plaintiff based upon his jailhouse lawyer activities. Id. at 4-5. Finally, both will testify about the events at the MAC meetings. Id. Plaintiff attests that these witnesses saw and/or heard the events at issue and that they are all willing to testify. Therefore, Plaintiff has made the requisite showing that the witnesses have personal knowledge of the events.

Nevertheless, Defendants argue that this evidence is cumulative because the witnesses will likely duplicate much of Plaintiff's testimony. (Doc. 146 at 3-4) However, at this time, the Court has no information as to the topics upon which Plaintiff will testify. The fact that Plaintiff *can* testify on these topics does not require that he do so. Moreover, he may decide for tactical purposes, that this testimony is better presented by third-party witnesses.

On the other hand, Defendants argue that the witnesses' opinion as to whether Plaintiff was in danger is irrelevant. On this point, the Court agrees. However, the representation from Plaintiff does not indicate that they will offer an opinion as to whether Plaintiff was in danger; he states only that they will testify that they told Wan this. Plaintiff alleges that Wan was part the classification committee that

---

[1] Plaintiff also requests that he be allowed to be transported to trial. However, this writ ad testificandum will issue as a matter of course without Plaintiff's formal request.

2

decided on two occasions to retain him in Ad Seg and, ultimately, to facilitate his transfer to CSP-Sacramento. Thus, what Wan knew seems particularly pertinent. For these reasons, the motion for the attendance of inmates Arvizu and Bell is **GRANTED**.

Defendants argue that there is an insufficient showing that these witnesses are currently willing to testify. In truth, Plaintiff indicates only that when he spoke to these witnesses in approximately May 2005, both reported they were willing to testify. (Doc. 139-1 at 3-4) The Court agrees that this does not reveal a present willingness to testify. However, even if the Court presumes that the witnesses refuse to testify, the Amended Second Scheduling Order also permits the attendance of incarcerated witnesses who refuse to testify. Id. Thus, the fact that the attestation that the witnesses stated a willingness to testify reveals that this occurred five years ago, is not determinative.

Plaintiff also seeks the attendance of prospective inmate-witness Danny Torres. (Doc. 139 at 4) Plaintiff contends that Mr. Torres occupied the cell on the floor above his in Ad Seg and that prison officials attempted to house Plaintiff with him. Id. He will testify also that inmates who have had threats made against them may sign a "waiver" of liability that will enable them to remain in their prior housing despite the danger. Id. Finally, he will testify that when threats are made against inmates by confidential informants, the documentation of the information related to the threat is shown to the target inmate. Id.

Defendants argue that this witness should not be permitted to testify for several reasons. First, they argue that the fact that Plaintiff was cleared for double celling is not disputed. (Doc. 146 at 2) The Court also is unconvinced how this testimony is pertinent. Ad Seg does not guarantee or require that an inmate housed there have no cellmate. Unless Torres was the inmate who allegedly posed the danger to Plaintiff, the Court is at a loss to appreciate how this fact has any pertinence to the issues.

Second, Defendants argue that Torres' testimony, that an inmate may accept the risk of danger posed by another inmate if he signs a release of liability, is not correct. (Doc. 146 at 3) Instead, Defendants assert that the CDCR's policy requires that the "enemies" *both* sign a document indicating that they are no longer enemies before housing may occur that puts them in contact with one another. On the other hand, even if the inmate in danger may ignore the risk, Plaintiff has not demonstrated that Torres has personal knowledge such to offer this testimony. If he seeks to testify as to events with other

3

inmates–or even himself–unless this action was taken by the same defendants here, the Court cannot find that this information has any tendency to bear on the issues raised in this litigation. Thus, the Court finds that Plaintiff has failed to demonstrate an adequate foundation[2] that inmate Torres has admissible evidence to present. Therefore, the request for the attendance of Danny Torres at trial is **DENIED**.

## ORDER

For the reasons set forth above, the Court hereby **ORDERS:**

1. The motion for the attendance of incarcerated witnesses Armand Arvizu and Alphonso Bell is **GRANTED**;
2. The motion for the attendance of Danny Torres is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 26, 2012**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] "Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (Doc. 135 at 3)

4