IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI, | Case No. 1:06-cv-00776 JLT (PC) |
| Plaintiff, | PRETRIAL ORDER |
| vs. | Deadlines: |
| T. WAN, et al., | Motions in Limine Filing:   4/13/12 |
| Defendants. | Oppositions to Motions in Limine:   4/20/12 |
| / | Trial Submissions:   4/24/12 |
| | Jury Trial:   5/8/12 at 8:30 a.m.<br>Courtroom 6, 2-3 days |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed July 30, 2007, against defendants Wan, Gallagher, and Cooper ("Defendants") for retaliation in violation of the First Amendment, and for denial of due process in violation of the Fourteenth Amendment.1 (Doc. 16.) The events at issue in this action occurred at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, in 2005.

The Court issues the following pretrial order.

**A.   JURISDICTION / VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983. The Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, Plaintiff's claims arise out of events that

occurred at the California Substance Abuse Treatment Facility (SATF). Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Fresno. 28 U.S.C. § 1391.

**B.    JURY TRIAL**

Plaintiff and Defendants demanded a jury trial. Accordingly, trial will be by jury.

**C.    UNDISPUTED FACTS**

1. At all times relevant, until December 21, 2005, Plaintiff was housed at SATF-COR
2. At the times relevant to the complaint, Defendant Wan was employed at SATF-COR as a Facility Captain
3. At the times relevant to the Complaint, Defendant Gallaher was employed at SATF-COR, as a Correctional Lieutenant
4. At the times relevant to the complaint, Defendant Cooper was employed at SATF-COR, as a Correctional Counselor II, and was assigned as the institutional Appeals Coordinator
5. Plaintiff submitted a group administrative appeal, Log No. SATF-C 04-04566, contending that the medical treatment provided at SATF was inadequate, and that the Appeals Office was not properly processing administrative appeals
6. On January 26, 2005, Defendant Cooper attended the M.A.C. meeting and discussed the administrative appeals process
7. On March 9, 2005, Plaintiff filed a group petition for writ of habeas corpus in the Kings County Superior Court, which was given Case No. 03 0038 G
8. Kings County Superior Court partially granted the petition by ordering the CDCR to treat the petition as an administrative appeal and answer it at the third level
9. Plaintiff filed administrative grievances and civil actions on behalf of himself and others against CDCR staff at SATF-COR
10. Plaintiff was placed in Administrative Segregation at SATF-COR on May 3, 2005
11. On May 3, 2005, Defendant Gallagher told Plaintiff that the placement in Ad Seg was due to a threat received from an anonymous source claiming that he was in danger
12. At all times relevant, Plaintiff was a member and the Secretary of the Men's Advisory

1     Council at SATF-COR

2   13. Plaintiff was seen by the classification committee on May 11, 2005 and retained in Ad Seg

3   14. Plaintiff was seen by the classification committee on July 21, 2005 and retained in Ad Seg.

4   15. On July 21, 2005, the committee told Plaintiff that it had received information that Plaintiff's life was in danger

6   16. Plaintiff was transferred from SATF-COR to CSP-Sacramento on December 21, 2005

**D. DISPUTED FACTS**

All other facts are disputed.

**E. DISPUTED EVIDENTIARY ISSUES**

<u>Plaintiff's Evidentiary Issues</u>

1. Whether Defendants may introduce evidence of Plaintiff's criminal history and/or the basis for his incarceration and Administrative Segregation in other

2. Whether Defendants may introduce evidence of Plaintiff's other placements in Administrative Segregation at other CDCR prison locations and the reasons therefore

<u>Defendants' Evidentiary Issues</u>

1. Whether Defendants' discovery responses are admissible for any purpose other than impeachment

2. Whether evidence concerning any of Plaintiff's claims that have been dismissed is admissible for any purpose

3. Whether Plaintiff can seek to exclude documents related to his conviction, and institutional behavior and at that same time identify Plaintiff entire prison file as an exhibit

4. Whether documents, identified by CDCR as confidential, or witness testimony which if revealed to Plaintiff, or to the public, would endanger the safety of another inmate should be admitted into evidence

5. Whether Plaintiff's abstract, or the abstracts of any incarcerated witness are admissible for impeachment purposes

6. Whether division 3 of title 15 of the California Code of Regulations is admissible, as Plaintiff's claims for violations of prison regulations have been dismissed

      7.     Whether, if individual code sections of title 15 of the California Code of Regulations are admissible, it is the Court's responsibility to instruct the jury on the law

**F.    SPECIAL FACTUAL INFORMATION**

None.

**G.    RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages and attorneys' fees. Plaintiff claim for injunctive relief was dismissed by the Court on July 8, 2008. (Doc. 26) Defendants seek judgment in their favor with an award of costs and attorneys' fees.

**H.    POINTS OF LAW**

    **1.    Section 1983**

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

    **2.    First Amendment - Retaliation**

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

4

action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must demonstrate that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff need not show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The correct inquiry is "whether an official's acts would chill or silence a person of ordinary firmness from further First Amendment activities." Rhodes, 408 F.3d at 569 (citations omitted). The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807.

### 3. Fourteenth Amendment - Procedural Due Process

The Due Process Clause prohibits state action that deprives a prisoner of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner alleging a procedural due process violation must first demonstrate that he was deprived of a liberty interest protected by the Due Process Clause. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause, in of itself, protects only those interests that are implicit in the word "liberty." See Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, may give rise to a protected liberty interest if it: (1) affects the prisoner's sentence in an unexpected manner; or (2) imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Placement in administrative segregation, in of itself, does not implicate a protected liberty interest. Id. at 484-86; see Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986).

If the prisoner demonstrates that he was deprived of a protected liberty interest, he must then demonstrate that the procedures attendant upon the deprivation were not constitutionally sufficient.

McQuillion, 306 F.3d at 900. Due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-1101 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

### 4. Article I, Section 2 of the California Constitution

"Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Cal. Const. Art. I § 2(a). However, the California Supreme Court has rejected that this Section creates a private right of action for damages. Degrassi v. Cook, 29 Cal. 4th 333, 333-344 (Cal. 2002); Creighton v. City of Livingston, 628 F.Supp.2d 1199, 1215-1219 (E.D. Cal. 2009). Though a private right of action exists for equitable relief, the Court dismissed the claims for declaratory and injunctive relief on July 8, 2008. (Doc. 26)

### 5. Article I, Section 3 of the California Constitution

"The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good." Cal. Const. Art. I § 3(a). However, the courts have rejected that this Section creates a private right of action for damages. MHC Financing Limited Partnership Two v. City of Santee, 182 Cal.App.4th 1169, 1174-1175 (Cal. App. 4th Dist. 2010), citing Katzberg v. Regents of University of California, 29 Cal. 4th 300 (2002) and Degrassi, 29 Cal.4th 333; Creighton, 628 F. Supp.2d at 1215-1219. Though a private right of action exists for equitable relief, the Court dismissed the claims for declaratory and injunctive relief on July 8, 2008. (Doc. 26)

### 6. Article I, Section 7 of the California Constitution

"A person may not be deprived of life, liberty, or property without due process of law or denied

6

1 equal protection of the laws . . ." Cal. Const. Art. I § 7(a). However, the California Supreme Court has rejected that this Section creates a private right of action for damages. Katzberg, 29 Cal.4th at 324-329; Xue Lu v. Powell, 621 F.3d 944, 951 (9th Cir. Cal. 2010). Though a private right of action exists for equitable relief, the Court dismissed the claims for declaratory and injunctive relief on July 8, 2008. (Doc. 26)

### 7. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009) ("Saucier procedure should not be regarded as an inflexible requirement").

The other inquiry is whether the right was clearly established. Saucier, 533 U.S. at 201. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir.2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

### 8. Punitive Damages

The Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2009). The jury must find that the defendant's conduct is "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). See also Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994).

**I.    ABANDONED ISSUES**

Plaintiff abandons the claim raised under California Penal Code § 376, given that he lacks standing to enforce this statute. Notably, the Court dismissed all claims based upon state statute or regulation on July 8, 2008. (Doc. 26)

**J.    WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

Plaintiff anticipates calling the following witnesses:

1. Danny Torres
2. Armando Arvizu
3. Alphonso D. Bell
4. T. Wan
5. J. Gallagher
6. C.L. Cooper
7. D. Goss

Defendants anticipates calling the following witnesses at trial:

1. T. Wan
2. J. Gallagher
3. D. Goss
4. P. Mendes
5. K. Curtiss
6. R. Hall
7. C.L. Cooper
8. J.J. Torres
9. F. Lebbeck

10. Custodian of Records of the Central File of Plaintiff
11. Custodian of Records of the medical files of Plaintiff
12. Custodian of Records of the Central Files of an inmate witness.

Counsel **SHALL** meet and confer to determine whether and to what extent, they will agree that Plaintiff's Central and Medical files may be admitted without the testimony of a custodian of records.

**K.   EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

**Plaintiff's Exhibits**

1. California Code of Regulations, Title 15, Crime Prevention and Corrections
2. The complete Central File of Punaofo Tsugito Tilei
3. Inmate Group Appeal Log No. SA TF C-04-04566
4. Recording of MAC Meeting on January 25, 2005
5. 602 Appeal Forms filed R Ha, Inmate No. K23892
6. 602 Appeal Form filed on May 4, 2005, by Plaintiff
7. 602 Appeal Form, appeal number 05-0216
8. 602 Appeal Forms filed against each defendant while assigned to work at Corcoran
9. Any and all reports prepared by Officer D. Goss that memorialize his investigation of anonymous threats directed toward Plaintiff
10. All civil complaints filed by Plaintiff in the Superior Court of California, County of Kings
11. SATF-COR manual re: Administrative Segregation units
12. CDCR Operations Manual

**Defendant's Exhibits**

Documents from Tilei's Central File, including:

1. Abstract of Judgment
2. CDCR form 128G Classification Chronos related to Tilei's placement and retention

in administrative segregation, and transfer to CSP-Sacramento

3. CDCR form 128G CSR endorsements of Tilei's placement and retention in administrative segregation, and his transfer to CSP-Sacramento

4. CDCR form 114-D, Notice of Placement in Administrative Segregation

5. CDCR for 128-B, General Chronos related to Tilei's placement and retention in administrative segregation

6. Tilei's administrative appeals filed while incarcerated at SATF

7. Tilei's movement history, CDCR form KMHQ

8. Computer printouts of Tilei's administrative appeals filed at SATF

9. Department of Corrections and Rehabilitation Operations Manual §§ 53120.1 et seq. and §§ 51020.1 et seq

10. Limited excerpts from Tilei's medical records related to his Kings County Superior Court habeas corpus actions

12. Documents filed in Kings County Superior Court in Tilei's habeas corpus actions, including, petitions, returns and Court orders

13. CDCR bed/cell movement printout for Tilei, Inmate Torres, J-93187, Inmate Ha, K-23872 and any incarcerated witness

On or before **April 4, 2012**, each party shall provide the other with a copy of any exhibit not previously produced during discovery. In addition, the original and four copies of all trial exhibits–placed in 5 binders that are tabbed with the exhibit number, along with exhibit lists, shall be submitted to the Courtroom Deputy no later than **May 2, 2012**.[1] Plaintiff's exhibits shall be **pre-marked** with the prefix "PX" and numbered sequentially beginning with 1 (eg., PX-1, PX-2, etc.). Defendants's exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with 500 (eg., DX-500, DX-501, etc.).

**The Parties shall number each page of any exhibit exceeding one page in length**.

///

---

[1] Original for the Courtroom Deputy, one copy for the Court, one copy for the court reporter, one copy for the witness stand and one to retain for themselves.

**L.    DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

<u>Plaintiff anticipates offering the following discovery documents at trial:</u>

1. All Interrogatories propounded by Plaintiff
2. All responses to interrogatories provided by Defendant Gallagher to Plaintiff's Interrogatories, Set Two
3. All responses to interrogatories provided by Defendants Wan to Plaintiff's Interrogatories, Set Two
4. Double-Cell Housing Policy
5. Confidential Chrono Example

<u>Defendant anticipates offering the following discovery documents at trial:</u>

1. Excerpts from Plaintiff's deposition

**M.    FURTHER DISCOVERY OR MOTIONS**

Discovery closed in this action on January 13, 2011. (Doc. 111 at 12)

Plaintiff reports that he will move the Court for an order allowing him to take the deposition of Officer D. Goss who, apparently, conducted the investigation into the confidential report that Plaintiff was in danger. Likewise, Plaintiff seeks disclosure of all 602s filed against every Defendant.

<u>Motions in Limine</u>

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984); <u>Jonasson v.</u>

Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

All motions in limine must be served on the other party, and filed with the Court, by **April 13, 2012**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court, by **April 20, 2012**. The Court will decide all motions in limine upon the written submissions. The parties are reminded that they may still object to the introduction of evidence during trial.

**N.    STIPULATIONS**

The parties have reached no stipulations.

**O.    AMENDMENTS/DISMISSALS**

None at this time.

**P.    SETTLEMENT NEGOTIATIONS**

The Court conducted an early settlement conference on December 15, 2009, which failed to result in settlement the matter. (Doc. 80) Defendants report that a settlement conference would not be helpful at this time.

**Q.    AGREED STATEMENT**

None.

**R.    SEPARATE TRIAL OF ISSUES**

Defendants request to bifurcate the issue of punitive damages. The Court ORDERS that the issue of punitive damages will be bifurcated.

**S.    EXPERTS**

None.

**T.    ATTORNEYS' FEES**

Plaintiff will seek attorney's fees for his appointed counsel. Defendants are seeking attorneys' fees and costs.

**U.    TRIAL DATE / ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **May 8, 2012**, at 8:30 a.m. before the Honorable Jennifer L. Thurston in Courtroom 6, 7th Floor, United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to last no longer than 2-3 days.

## V.     TRIAL PREPARATION AND SUBMISSIONS

### 1.     Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **April 24, 2012**.

### 2.     Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **April 24, 2012**.

### 3.     Statement of the Case

The parties SHALL serve and file a **joint** non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **April 24, 2012.** The Court will consider the parties' statement but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 4.     Jury Instructions/Verdict Form

The parties shall serve their proposed jury instructions and verdict forms on one another no later than **April 6, 2012**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **April 13, 2012.** At the conference, the parties SHALL reach agreement on jury instructions and a verdict form for use at trial. The parties, no later than **April 24, 2012**, shall file and serve all agreed-on joint jury instructions and an agreed-on verdict form and identify such as the agreed-on joint jury instructions and verdict form.

No later than **April 17, 2012**, Plaintiff may file and serve no more than 10 proposed "disputed" jury instructions. No later than **April 20, 2012**, Defendants may file and serve up to 10 proposed "disputed" jury instructions. The proposed "disputed" jury instructions shall be identified as jury instructions upon which the parties could not agree. Without a prior order, the Court will not consider additional proposed jury instructions after the first 10.

1    The Court expects and specifically orders the parties to file an agreed-on special verdict form no later than **April 20, 2012.** If a party seeks additions to an agreed-on verdict form, no later than **April 20, 2012**, that party may file and serve a proposed verdict form which includes the agreed-on portions and additions that are indicated clearly on that party's proposed verdict form. The Court will strike and will not accept separately-proposed verdict forms upon which the parties do not agree.

All jury instructions shall indicate the party submitting the instruction (i.e., joint, Plaintiffs' or Defendant's), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. All jury instructions and verdict forms shall be e-mailed to JLTOrders@caed.uscourts.gov **no later than April 24, 2012.**

**Jury instructions and verdict forms will not be given or used unless they are so e-mailed to the Court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.**

Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions **SHALL** be used where the subject of the instruction is covered by CACI or BAJI. **All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted.** Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

No later than **April 24, 2012**, the parties may file and serve meaningful written objections to disputed jury instructions proposed by another party. All objections shall be in writing, shall set forth

14

the proposed instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**W.     OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**X.     MISCELLANEOUS MATTERS**

None

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **March 26, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE