UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUNAOFO TSUGITO TILEI,<br><br>    Plaintiff,<br><br>  v.<br><br>T. WAN, et al.,<br><br>    Defendants. | Case No.: 1:06-cv-00776 JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE<br><br>(Docs. 158, 159, 160) |

On April 13, 2012, the parties filed their motions in limine. (Docs. 158, 159, 160) Plaintiff filed one motion (Doc. 160), which was not opposed and Defendants filed two motions (Docs. 158, 159), only one which was opposed. (Doc. 163) The motions were submitted without argument. L. R. 230(l).

    Plaintiff's Motion in Limine

In his motion, Plaintiff argues that his felony convictions for attempted murder of a police officer and assault with a firearm should be excluded. (Doc. 163 at 2) Plaintiff argues that this evidence is entitled to little weight and would be highly prejudicial. Id. On the other hand, the very nature of Plaintiff's claim, that he suffered retaliation—including transfer to a different prison—reveals, and will reveal to the jury, the fact that Plaintiff has been convicted of a felony. Thus, for the

Court, the question is not whether there will be prejudice caused by introducing the felony conviction but whether the nature of the crimes for which was convicted would be overly prejudicial.

Federal Rules of Evidence 609(a) provides in relevant part,

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1)   for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>   (A)   must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .

However, generally, a conviction will not be admitted if more than 10 years have passed since the time the witness was released from confinement on the charge.  However, the 10-year presumptive bar does not apply if the witness remains in custody for the charge.  Nevertheless, in either situation, the conviction may not be admitted if its probative value is outweighed by its prejudicial effect.  F.R.E. 609(b).

Here, Plaintiff continues to be in custody for the felony convictions at issue.  Thus, the Federal Rules of Evidence 609 does not preclude introduction of this evidence.  Notably, Defendants have not opposed the motion but indicated that they intended to introduce evidence of Plaintiff's felony convictions in the pretrial statement for purposes of impeachment.  (Doc. 147 at 6, 12)  The Court has no information that Defendants seek to introduce the nature of the underlying crimes.

Therefore, Plaintiff's motion (Doc. 160) is **DENIED IN PART**.  Plaintiff's felony convictions, for which he is still in custody, may be admitted for impeachment purposes.  However, Defendants SHALL NOT introduce any evidence related to the nature of these offenses without first raising this issue with the Court outside of the presence of the jury.

Defendants' Motions in Limine

A.   Motion to exclude evidence related to dismissed claims

Defendants note that several of Plaintiff's claims have been dismissed.  Thus, they move the Court to exclude evidence related to these dismissed claims.  Plaintiff has not opposed this motion though Defendant argues that Plaintiff has identified specific claims in the pretrial statement that are unrelated to the active claims.

As Defendants note, only relevant evidence is admissible at trial. Fed. R. Evid. 401, 402. Therefore, the motion (Doc. 158) is **GRANTED** and Plaintiff SHALL NOT seek to introduce evidence as to claims that have been dismissed.

B.   Motion to exclude the identity of the confidential informant

At the heart of this case is Plaintiff's claim that he was placed in administrative segregation and, ultimately, transferred to a different prison in retaliation. Defendants claim that they received an anonymous note indicating that Plaintiff would be stabbed if he remained in general population. They claim further that Officer Goss conducted an investigation and talked to an inmate who confirmed the content of the note. This inmate has not been identified and has been described only as a confidential informant.

Plaintiff claims that there was never a true threat to his safety and that the note and the alleged investigation was a ruse to place him in administrative segregation and to transfer him to a different prison. Thus, he seeks to examine Officer Goss as to his investigatory efforts. Defendants are concerned that in this examination, Plaintiff will seek to uncover the identity of the confidential informant and that this will endanger the informant because he will be identified as a "snitch."

Here, given the lack of opposition to the motion, the Court is hard-pressed to determine how the identity of the informant is pertinent to the trial issues. On the other hand, the Court does not doubt that an inmate who informs on another inmate would likely be the target of violence if the informant's conduct became known. Thus, in the face of this danger and with no explanation of how the information would be probative at trial, the motion (Doc. 159), is **GRANTED**.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1.   Plaintiff's motion in limine (Doc. 160) to preclude the introduction of evidence that he has been conviction of felonies, is **DENIED IN PART**. Plaintiff's felony convictions for which he remains incarcerated may be introduced but Defendants SHALL NOT refer the underlying nature of the crimes in the presence of the jury without first raising this issue with the Court;

2.   Defendants' motion in limine to exclude evidence concerning dismissed claims (Doc. 158) is **GRANTED**;

3

3. Defendants' motion in limine to exclude evidence concerning dismissed claims (Doc. 159) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **April 26, 2012**                              /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE